FILED

2013 SEP 13   PM 3: 14

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY: _____

1  **ANJALI KRISHNA**
2  2641 N. MERIDIAN STREET
   ORANGE, CALIFORNIA 92867
3  Phone:  (714)746-2350
   Facsimile:  (909) 899-3881
4  Email:  rtdt@ymail.com

5  Plaintiff in Pro Se

6

7
                    UNITED STATES DISTRICT COURT
8
                    CENTRAL DISTRICT OF CALIFORNIA
9
                    SANTA ANA DIVISION
10

11                                    )
12  ANJALI KRISHNA                     )   Case No. 8:13-CV-00799-JVS(MANx)
                                       )
13              Plaintiff,             )
                                       )   **OPPOSITION TO DEFENDANTS'**
14                                     )   **MOTION TO DISMISS PLAINTIFF'S**
    v.                                 )   **COMPLAINT**
15                                     )
                                       )
16  WELLS FARGO BANK, N.A., AND        )   Complaint Filed:  May 21, 2013
17  DOES 1 through 10, inclusive       )
                                       )   Date:     September 30, 2013
18              Defendant,             )   Time:     1:30 P.M.
                                       )   Ctrm:     10C
19                                     )   **Judge:   Honorable James V. Selna**
                                       )
20                                     )
                                       )
21                                     )
                                       )
22  _____)

23       Plaintiff ANJALI KRISHNA ("Plaintiff") hereby opposes Defendants and WELLS

24  FARGO BANK's Motion to Dismiss Plaintiff's Complaint.  This opposition is based on

25  all the papers on file with Court, the arguments set forth, and any arguments made by

26  Plaintiff's counsel at the hearing currently scheduled for this matter.
27

28

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Dated:  September 11, 2013


Anjali Krishna

Anjali Krishna
Plaintiff in Pro Se

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Through the instant lawsuit, Plaintiff will establish that Defendant, WELLS FARGO BANK, hereinafter referred to as WELLS FARGO were not the true creditors and as such has no legal, equitable, or pecuniary right to the debt obligation secured by the real property located at 18356 Taft Avenue, Villa Park, California 92881, hereinafter referred to as "Property").

Defendants' Motion fails ***because the Complaint sets forth sufficient allegations, both legal and factual, to establish a statement of the claims for which relief can granted.*** Plaintiff has sufficiently pleaded both plausible and factual obligations, as well as legal claims, to enable his Complaint to move forward. This is not the phase in litigation to resolve the contest between the facts or on the merits of the case. In reviewing the sufficiency of the claims asserted, the issue is not whether Plaintiff will ultimately prevail, but whether the Plaintiff is entitled to offer evidence to support the claims asserted. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## STATEMENT OF FACTS

On February 23, 2007, Plaintiff executed a *Promissory Note* ("*Note*") in favor of WELLS FARGO, secured by a *Deed of Trust* ("*Deed of Trust*" or "*Mortgage*", and together with the *Note* hereinafter "*Loan*") for the refinance of his home. Shortly after the origination of Plaintiff's debt obligation, the originating lender sold the debt obligation, although it is currently unknown to whom it was sold or whether the *Note* and

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

*Deed of Trust* were assigned to this entity.  Plaintiff has learned that the *Note* and *Deed of Trust* were never validly assigned to the PENNYMAC CORP, hereinafter referred to as PENNYMAC.

## STANDARD FOR DISMISSAL UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Motions to Dismiss for failure to state a claim under Federal Rules of Civil Procedure 12(b)(6) are viewed with disfavor, and, accordingly, dismissals for failure to state a claim are "rarely granted" *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted).  The standard for dismissal under Rule 12(b)(6) is a stringent one.  "[A] Complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Hartford Fire Ins. Co. v. California*, 509 U.S. 764, 811 (1993) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993) (emphasis added).  The purpose of a motion under Federal Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief in the Complaint. *See Rutman Wince Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987).  The Complaint must be construed in the light most favorable to the nonmoving party and its allegations taken as true. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  It is not a procedure for resolving a contest about the facts or the merits of the case.  In reviewing the sufficiency of the Complaint, the issue is not whether the Plaintiff will ultimately prevail, but whether the Plaintiff is entitled to

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

offer evidence to support the claims asserted. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Furthermore, more recently, the U.S. Supreme Court has held that to survive a motion to dismiss, a Complaint must contain sufficient factual matter, accepted as true, would "state a claim to relief that is plausible on its face." *See Bell Atlantic Corp. v. Twombly*, 55 US 544 (2007).

## LEGAL ARGUMENTS

### 1. Plaintiff Has Standing to Raise a Defect in an Assignment

One basis for claiming that a foreclosing party does not hold the *Deed of Trust* is that the assignment relied upon by that party is ineffective. When a borrower asserts an assignment was ineffective, a question often arises about the borrower's standing to challenge the assignment of the loan (*Note* and *Deed of Trust*) – an assignment to which the borrower is not a party. (E.g., *Conlin v. Mortgage Electronic Registration Systems, Inc.* (6th Cir. 2013) 714 F.3d 355, 361 [third party may only challenge an assignment if that challenge would render the assignment absolutely invalid or ineffective, or void]; *Culhane v. Aurora Loan Services of Nebraska* (1st Cir. 2013) 708 F.3d 282, 291 [under Massachusetts law, mortgagor has standing to challenge a mortgage assignment as invalid, ineffective or void]; *Gilbert v. Chase Home Finance, LLC* (E.D.Cal., May 28, 2013, No. 1:13-CV-265 AWI SKO) 2013 WL 23318890.)[1]

California's version of the principle concerning a third party's ability to challenge

---

[1] "Although we may not rely on unpublished California cases, the California Rules of Court do not prohibit citation to unpublished federal cases, which may properly be cited as persuasive, although not binding authority." (*Landmark Screens, LLC v. Morgan, Lewis & Bockius, LLP* (2010) 183 Cal.App.4th 238, 251, fn.6, citing Cal. Rules of Court, rule 8.1115.)

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

an assignment has been stated in a secondary authority as follows:

> "Where an assignment is merely voidable at the election of the assignor, third parties, and particularly the obligor, cannot... successfully challenge the validity or effectiveness of the transfer." (7 Cal.Jur.3d (2012) Assignments, § 43.)

This statement implies that a borrower can challenge an assignment of his or her *Note* and *Deed of Trust* if the defect asserted would void the assignment. (*See Reinagel v. Deutsche Bank National Trust Co.* (5th Cir. 2013) ___ F.3d ___ [2013 WL 3480207 at p. *3] [following majority rule that an obligor may raise any ground that renders the assignment void, rather than merely voidable].)

## 2. Plaintiff Sufficiently Alleges the Assignment is Fabricated

Plaintiff contends that the Assignment was executed and notarized after the Closing Date of the BEAR STEARNS TRUST. The Assignment's failure to comply with the PSA is a sufficient basis for pleading its fabrication. *See Vogan v. Wells Fargo et al.*, No. 11-CV-2098-JAM-KJN, 2011 WL 5826016, at *7 (N.D. Cal. Nov. 11, 2011) ("Plaintiffs alleged that the recorded assignment was executed well after the closing date of the [trust] to which it was allegedly sold, giving rise to a plausible inference that at least some part of the recorded assignment was fabricated.").

## 3. Wells Fargo's Interest Has Not Been Perfected

Pursuant to California Civil Code § 2924(h), the trustee's sale shall be deemed final upon the acceptance of the last and highest bid, and shall be deemed perfected as of 8 a.m. on the actual date of sale if the trustee's deed is recorded within 15 calendar days

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

after the sale, or the next business day following the 15th day if the county recorder in which the property is located is closed on the 15th day.

In this instant matter, the foreclosure sale took place on November 30, 2011.  The Trustee's Deed Upon Sale was not recorded until February 24, 2012.   Based on the laws, Defendant WELLS FARGO's interest was never perfected and the title to *Plaintiff's Property* should be reverted back to Plaintiff.

### 4.  Plaintiff Meets the Article III Requirements

In order to establish "a case or controversy" within the meaning of Article III, Plaintiff must show the following: 1) injury in fact; 2) causation; and 3) redressability. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 2136 (1992).

The "injury in fact" requirement is met upon a showing that Plaintiff is threatened with impairment of his own interest. *See Gladstone Realtors*, 441 U.S. at 100.  Here, Defendants claim a right to collect payments from Plaintiff and a stake in *Plaintiff's Property*, which is his own home.  Thus, there can be no doubt that Plaintiff has alleged sufficient facts to meet the requisite "injury in fact" element. *See Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240, 57 S.Ct. 461, 462-464 (1937) (cases involving a substantial controversy between parties having adverse interests of sufficient immediacy and reality are justiciable as a case and controversy under Article III).

In addition to an "injury in fact," there must be a causal connection between the injury and the conduct complained of. *Lujan*, 504 U.S. at 559-560.  Here Defendants seek to assert their purported rights under the *Deed of Trust*, including the power to

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

foreclose on *Plaintiff's Property*.  Plaintiff's claimed injury – the act of foreclosure of Property – is directly caused by Defendants' conduct.  Thus, Plaintiff sufficiently alleges the required causal connection between the injury and Defendant's conduct.

Finally, there must be a substantial likelihood that the relief sought, if granted, will redress the injury.  *Lujan*, 504 U.S. at 559-560.  Here, Plaintiff seeks an adjudication of the parties' respective rights to the Property and under Plaintiff's Loan.

## CONCLUSION

Plaintiff's Complaint is well-plead and allows the Court to infer more than the mere possibility of misconduct; in fact, when the Court accepts the factual allegations as true the Court can made a "reasonable inference" that Defendant WELLS FARGO is liable for the misconduct.  Although Defendant WELLS FARGO do allege "factual" disputes in their Motion, this is not sufficient to support their Motion to Dismiss.  Therefore, Plaintiff respectfully requests that the Court DENY Defendant's Motion to Dismiss.  To the extent the Court dismisses any claim or allegation, Plaintiff requests the opportunity to amend the Complaint to cure any deficiency, add additional causes of action or rename any causes of action.

Respectfully Submitted,

Dated: September 11, 2013

Anjali Krishna
Plaintiff in Pro Se

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE

Anajali Krishna v. Wells Fargo Bank, et al.
United States District Court – Central District of California
Case No. 8:13-cv-00799-JVS(AGRx)

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 12223 Highland Avenue, #106-355, Rancho Cucamonga, California 91739. On September 13, 2013, I served the following document(s) by the method indicated below:

## OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

[ ]   by transmitting via facsimile on this date the document(s) listed above to the facsimile numbers set forth below. The transmission was completed before the close of business and was reported complete and without error.

[X]   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Chino Hills, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date on postage meter date is more than one day after the date of deposit in this Declaration.

[ ]   BY CM/ECF ELECTRONIC DELIVERY: In accordance with the registered case participants and in accordance with the procedures set forth at the United States District Courts, Central District of California website https://ecf.cacd.uscourts.gov.

[ ]   by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below. A copy of the consignment slip is attached to this proof of service.

### (See Attached Service List)

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on September 13, 2013, at Rancho Cucamonga, California.

Trina Patterson

**PROOF OF SERVICE**

1

## SERVICE LIST

2

Anajali Krishna v. Wells Fargo Bank, et al.

3

United States District Court – Central District of California

Case No. 8:13-cv-00799-JVS(AGRx)

4

5

6

Attorney for Defendant WELLS FARGO BANK

7

**John C Dineen**

8

Sheppard Mullin Richter and Hampton

9

501 West Broadway 19th Fl

San Diego, CA 92101-3598

10

619-338-6500

11

619-234-3815 (fax)

jdineen@sheppardmullin.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28