SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
EDWARD D. VOGEL, Cal. Bar No. 110081
evogel@sheppardmullin.com
JOHN C. DINEEN, Cal. Bar No. 222095
jdineen@sheppardmullin.com
501 West Broadway, 19th Floor
San Diego, California 92101-3598
Telephone:  619.338.6500
Facsimile:   619.234.3815

Attorneys for Defendant
WELLS FARGO BANK, N.A.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| ANJALI KRISHNA,<br><br>          Plaintiff,<br><br>     v.<br><br>WELLS FARGO BANK, N.A. and DOES 1 through 10, inclusive,<br><br>          Defendants. | Case No. 13-cv-00799-JVS (AGRx)<br><br>**WELLS FARGO'S SUPPLEMENTAL REPLY TO PLAINTIFF'S LATE-FILED OPPOSITION RE WELLS FARGO'S MOTION TO DISMISS**<br><br>Date:  September 30, 2013<br>Time:  1:30 p.m.<br>Courtroom 10C (Santa Ana)<br><br>The Hon. James V. Selna |

SMRH:410207553.1

Case No. 13-cv-00799-JVS (AGRx)
WELLS FARGO'S SUPPLEMENTAL REPLY TO PLAINTIFF'S LATE-FILED OPPOSITION RE WELLS FARGO'S MOTION TO DISMISS

## TABLE OF CONTENTS

Page

I. PLAINTIFF'S OPPOSITION IS NOT TIMELY ............................................... 1

II. PLAINTIFF'S OPPOSITION FAILS TO OVERCOME THE SIGNIFICANT DEFECTS IN HER COMPLAINT ........................................... 1

# TABLE OF AUTHORITIES

Page

Cases

*In re Engles*
   193 B.R. 23 (S.D. Cal. March 6, 1996) ................................................................. 4, 5

*Gomes v. Countrywide Home Loans, Inc.*
   192 Cal. App. 4th 1149, 121 Cal. Rptr. 3d 819 (2011) .......................................... 2, 3

Statutes

Civil Code
   §§ 2924 through 2924k ............................................................................................. 3
   § 2924h(c) ................................................................................................................. 4

Other Authorities

Local Rule 7-9 ................................................................................................................ 1

Defendant Wells Fargo Bank, N.A. ("Wells Fargo") hereby submits this supplemental reply to the late-filed opposition brief submitted by Plaintiff Anjali Krishna ("Plaintiff").

## I.
## PLAINTIFF'S OPPOSITION IS NOT TIMELY

Per Local Rule 7-9, Plaintiff's opposition to Wells Fargo's motion to dismiss was due on or before September 9, 2013.  However, Plaintiff did not file her opposition until September 13, 2013, and Wells Fargo's counsel did not receive it until September 17, 2013 when it was posted on the ECF system.

## II.
## PLAINTIFF'S OPPOSITION FAILS TO OVERCOME THE SIGNIFICANT DEFECTS IN HER COMPLAINT

In her opposition, Plaintiff argues that notwithstanding her substantial default on her mortgage, the Court should deny Wells Fargo's motion to dismiss on the grounds that she has set forth sufficient allegations to support her claims for relief, that she has standing to challenge the sale of her loan, and that Wells Fargo's interest was not "perfected."  All of these arguments fail.

With respect to her arguments concerning the sufficiency of her pleading and her standing, Plaintiff argues that Wells Fargo's motion to dismiss should be denied because she has alleged that she does not know the identity of her "true creditors," that the promissory note and deed of trust "were never validly assigned" to Pennymac, and that the assignment was "fabricated."  Pl's Opp., pp. 3-4, 6. As explained in Wells Fargo's moving papers, similar arguments have been

rejected by the courts.  For example, in *Gomes v. Countrywide* the plaintiff alleged that he did not know the identity of the note's beneficial owner because he believed that his originating lender sold it on the secondary mortgage market.  On information and belief, Gomes then alleged that the person or entity that initiated the foreclosure process was not the note's rightful owner, nor acting with the rightful owner's authority.  *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149, 1152, 121 Cal. Rptr. 3d 819 (2011).  The *Gomes* court summarily rejected Gomes' contention:

> By asserting a right to bring a court action to determine whether the owner of the Note has authorized its nominee to initiate the foreclosure process, Gomes is attempting to interject the courts into this comprehensive non-judicial scheme.  As Defendants correctly point out, Gomes has identified no legal authority for such a lawsuit.  Nothing in the statutory provisions establishing the non-judicial foreclosure process suggests that such a judicial proceeding is permitted or contemplated.

*Id.* at 1154.

The Court concluded, "nowhere does the statute provide for a judicial action to determine whether the person initiating the foreclosure process is indeed authorized and we see no ground for implying such an action." *Id.* at 1155 (citing *Lu v. Hawaiian Gardens Casino, Inc.*, 50 Cal. 4th 592, 596, 113 Cal. Rptr. 3d 498 (2010)).  The *Gomes* court found that if borrowers could bring such challenges, the legislature's decision to establish the remedy of non-judicial foreclosure for creditors would be thwarted, since every non-judicial foreclosure could be turned

into a judicial proceeding by borrowers filing lawsuits "solely for the purposes of delaying valid foreclosures." *Gomes*, 192 Cal. App. 4th at 1155.

In this case, it is undisputed that Plaintiff borrowed $1,161,000.00 and that she failed to repay her loan as provided in the loan documents. Her allegations regarding the assignment of the loan after she received the loan amounts are simply a smokescreen to avoid the consequences of her default. The allegations in Plaintiff's complaint do not demonstrate that Wells Fargo failed to follow the procedures set forth in Civil Code Sections 2924 through 2924k. Accordingly, the Court should reject Plaintiff's irrelevant arguments concerning the assignment of her loan.

Further, Plaintiff argues that she has Article III standing to maintain this lawsuit because "Plaintiff's claimed injury – the act of foreclosure of Property – is directly caused by Defendants' conduct." Pl's Opp. p. 8. This is incorrect. The foreclosure of the property was a direct result of Plaintiff's substantial default on her loan payments – it has nothing whatever to do with the assignment of her loan post loan closing and funding. No term in the loan changed because of the assignment of the loan, and Plaintiff could have avoided foreclosure by making the monthly payments required under the loan or by reinstating the loan prior to the trustee's sale. Plaintiff's standing arguments fail.

In terms of her new "perfection" argument (which is not included in her Complaint), Plaintiff argues that the foreclosure sale took place on November 30, 2011, but that the Trustee's Deed Upon Sale was not recorded until February 24, 2012. Plaintiff claims that this somehow invalidates the foreclosure sale and means that the property reverts back to her. Pl's Opp., p. 7. Plaintiff is wrong. A trustee's sale is final even if not recorded within fifteen days following the sale pursuant to

Civil Code section 2924h(c). *In re Engles*, 193 B.R. 23, 26 (S.D. Cal. March 6, 1996).

The Bankruptcy court for the Southern District of California rejected a similar claim by a debtor who alleged that the party that purchased certain real property at a trustee's sale did not own the property because a trustee's deed upon sale was not recorded within 15 days of the sale. The court held that "a trustee's sale is final upon acceptance of the last and highest bid, regardless of when the deed is recorded." *Id*. at 27. The court pointed out that the purpose of that provision of the statute was "to provide purchasers with a grace period" in which to record their deeds and still maintain superior title with respect to other lienholders. *Id*. The court further explained that:

> "The concepts of 'finalizing' and 'perfecting' a sale are different. Under the California Civil Code, finalization of a nonjudicial foreclosure sale literally occurs when the gavel falls indicating acceptance of the last and highest bid. [Citations omitted] Perfection, on the other hand, does not contemplate accepting later bids. Rather, purchasers perfect a sale by recording the deed.
>
> 'Perfection is a concept used to determine the priority of a security interest against the competing interest of certain third parties in the collateral . . . Perfection refers to that single date, or moment in time, when the state perfection statute is satisfied, and the lien becomes good against other creditors who can no longer obtain superior rights.'"

-4-

*Id*. at 27 (quoting *In re Hilde*, 189 B.R. 776, 780 (9th Cir. BAP 1995). Indeed, "[t]he purpose of a nonjudicial sale is essentially to satisfy a creditor's unpaid loan on a piece of property. The purpose of perfection is to protect the purchaser's interest in property against the claims of third persons by furnishing public notice of that interest." *Id*.

Plaintiff has not alleged that any junior lienholders or other creditors of Plaintiff are challenging Wells Fargo's interest in the property (in fact, there are no such third parties challenging the sale). Indeed, even if such third parties did challenge the foreclosure sale (and they have not) that would be a dispute between Wells Fargo and the respective third party. Plaintiff has no stake in any such dispute and it does not give rise to a claim by Plaintiff against Wells Fargo.

For these reasons and those set forth in its moving papers, Wells Fargo respectfully requests the Court grant its motion to dismiss the complaint.

Dated: September 16, 2013

          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

          By    *s/ John C. Dineen*
                   JOHN C. DINEEN

          Attorneys for Defendant
          WELLS FARGO BANK, N.A.

*Anajali Krishna v. Wells Fargo Bank, N.A. et al*
U.S.D.C., Central District of California, Case No. 13-cv-00799-JVS (AGRx)

## PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of San Diego, State of California. My business address is 501 West Broadway, 19th Floor, San Diego, CA 92101-3598.

On September 18, 2013, I served true copies of the following document(s) described as

**WELLS FARGO'S SUPPLEMENTAL REPLY TO PLAINTIFF'S LATE-FILED OPPOSITION RE WELLS FARGO'S MOTION TO DISMISS**

on the interested parties in this action as follows:

Anajali Krishna                          Pro Se Plaintiff
2641 N. Meridian St.
Orange, CA  92867
Tel 714-746-2350; Fax 909-899-3881
Email:  rtdt@vmail.com

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 18, 2013, at San Diego, California.

_____
Phyllis Chavez